Argued May 2, affirmed June 3, petition for rehearing
denied June 28, 1966

GRANT ET AL *v.* SCHOOL DISTRICT NO. 61,
BAKER COUNTY

415 P. 2d 165

*Willard K. Carey,* La Grande, argued the cause
for appellants. On the briefs were Burleigh, Carey &
Gooding, La Grande.

*David C. Silven,* Baker, argued the cause for respondent. With him on the brief were Banta, Silven & Young, Baker.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

DENECKE, J.

This is a declaratory judgment proceeding brought because of a controversy concerning the formation of an Administrative School District and the acts of such District.

Under the provisions of what is now ORS 330.505 et seq., the Baker County School Reorganization Committee proposed an Administrative School District, in effect consolidating several school districts in the northeastern part of the county. The residents of Eagle Valley, the area of one of the school districts, were apprehensive that the proposed district would cause them to lose their high school and that one high school, to serve the entire district, would be built in the more populous Pine Valley. At a public hearing on the proposed new district, called pursuant to the school reorganization statute, a document was referred to which commenced, "To Whomsoever It May Concern." It was signed by the directors and clerks of all the districts proposed to be in the new Administrative District. It provided, among other things, as follows: "That no school be changed, moved or consolidated without the approval of the patrons in the attendance area which that school serves."

The complaint filed by plaintiffs as representatives of the residents of Eagle Valley alleges that the Eagle Valley residents "were advised that said agreement

[the above-quoted statement] would be incorporated in the school district reorganization plan." The "said agreement" was not in fact incorporated in the school reorganization plan. Plaintiffs further allege that because of their belief that they would continue to have their own high school until they approved a change, they voted in favor of the new Administrative District.

About five years after the new Administrative District was formed, a majority of the voters of the new district passed a bond issue for one high school for the entire district, to be built in Pine Valley.

The plaintiffs sought a declaration that the defendant Administrative District had no right to move the school without obtaining the consent of the Eagle Valley voters.

The trial court held against the plaintiffs and we affirm its ruling.

■ Art VIII, § 3, of the Oregon Constitution, vests the state legislature with the responsibility for public education. *Monaghan v. School District No. 1,* 211 Or 360, 315 P2d 797 (1957).

■ The legislature has provided that a bond issue is passed and binding upon the entire district if it is approved by a majority of the voters in the entire district. ORS 328.230.

■ That legislative command is binding upon the new district. The alleged misadvice to the Eagle Valley voters cannot change or limit that legislative command. See *West Missouri Power Co. v. City of Washington,* 80 F2d 420, 422 (10th Cir 1935), and *Anselmi v. City of Rock Springs,* 53 Wyo 223, 239, 80 P2d 419, 425, 116 ALR 1250 (1938), holding that misrepresentations made during a campaign by public officials will not vitiate an election.

Affirmed.